UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ELIZABETH DOLBARE, as personal representative of ROBERT T. DOLBARE, deceased, for her own benefit as surviving spouse, and for the benefit of DEVIN A. DOLBARE, son of ROBERT T. DOLBARE, deceased | * | CIVIL ACTION |
| VERSUS | * | NO. 04-3042 |
| NOBLE DRILLING CORPORATION and CROWN PUMP CORPORATION | * | SECTION "B" |

## ORDER AND REASONS

Before the Court is a Motion for Partial Summary Judgment filed by Defendant Crown Pump Corporation ("Crown Pump"). (Rec. Doc. No. 13). Crown Pump, a non-employer third party, seeks dismissal of all non-pecuniary damages against the corporation. For the following reasons, **IT IS ORDERED** that Defendant's motion is **GRANTED** (Rec. Doc. No. 3).

## Background

This case arises out of the death of Jones Act seaman Robert Dolbare. Claimants, Elizabeth Dolbare as representative of Robert Dolbare, herself and for the benefit of Devin Dolbare, son of Robert Dolbare, seek pecuniary and non-pecuniary damages resulting from the death of Robert Dolbare.[1]  Suit was filed

---

[1] The Claimant seeks "non-pecuniary damages, including, but not limited to, punitive damages, loss of love and support, loss of nurture, loss of guidance, mental anguish, pain and suffering, and all

1

against Mr. Dolbare's employer, Noble Drilling Corporation ("<u>Noble Drilling</u>"), and the third-party non-employer, Crown Pump, for negligence and unseaworthiness. (Rec. Doc. No. 12).

On June 25, 2004, the Chancery Court of Jackson County, Mississippi entered an order authorizing a $1,000,000 dollar settlement with Claimants and defendant employer, Noble Drilling. (Rec. Doc. No. 13, Ex. "4"). In August, 2005, Crown Pump filed the Motion for Partial Summary Judgment presently before the Court.

### <u>Law and Analysis</u>

The Jones Act, 46 U.S.C. § 688(a), provides a remedy at law against a seaman's employer when he is injured or killed through the negligence of the employer. <u>Miles v. Apex Marine Corp.</u>, 498 U.S. 19, 23-24 (1990). The Death on the High Seas Act ("<u>DOHSA</u>"), 46 U.S.C. § 761, et seq., is the exclusive remedy given to a seaman's survivors for death occurring on the high seas outside of state territorial waters, defined as more than 3 nautical miles from shore. Unlike the Jones Act, which applies only to a seaman's employer, DOHSA applies to any party[2] whose wrongful act, neglect,

---

other theories of recover, loss of support, loss of services, loss of inheritance and all other damages recoverable under th General Maritime Law and the Laws of Louisiana." (Rec. Doc. No. 1, First Amended Complaint). Moreover, the Estate of Robert T. Dolbare, deceased, is entitled to recover funeral expenses, damages for fright and mental anguish which decedent experienced prior to being struck by equipment attached to the Crown Pump Corporation pump/motor assembly, pre-death pain and suffering, medical expenses[.]" (Rec. Doc. No. 12 at 1-2, Second Amended Complaint).

[2] DOHSA applies to any person, seaman and non-seaman alike, who is killed on the high seas. <u>See</u> 46 app. U.S.C. § 761(a).

or default causes the decedent's death on the high seas. 46 U.S.C. § 761(a). DOHSA limits recovery on its face to pecuniary losses, 46 U.S.C. § 762(a),[3] and the Supreme Court has unequivocally held that the lower courts are not free to supplement DOHSA with non-pecuniary supplements. Mobil Oil Corp. v. Higginbotham, 436 U.S. 618, 625 (1978). See also Offshore Logistics, Inc. v. Tallentire, 477 U.S. 207, 232 (1986).

In contrast to DOHSA, the Jones Act does not explicitly limit damages to any particular form. Miles, 498 U.S. at 32. However the jurisprudence addressing the issue establishes that a seaman's recovery under the Jones Act does not include non-pecuniary losses. See Miles, 498 U.S. at 32 (recognizing that Congress must have intended to incorporate predecessor legislation's pecuniary limitation when it enacted the Jones Act). Thus, non-pecuniary recovery is foreclosed under both the DOSHA and the Jones Act statutory schemes.

In addition to the wrongful death cause of action created by the Jones Act and DOHSA, there is a general maritime cause of action for the wrongful death of a seaman. Miles, 498 U.S. at 30.

---

[3] The Amount and Apportionment of Recovery under DOHSA provides:

> The recovery in such suit shall be a fair and just compensation for the pecuniary loss sustained by the persons for whose benefit the suit is brought and shall be apportioned among them by the court in proportion to the loss they may severally have suffered by reason of the death of the person by whose representative the suit is brought.

46 App. U.S.C.A. § 762(a) (emphasis added).

Nevertheless, in <u>Miles v. Apex</u>, the Supreme Court held that a seaman's representative must follow the statutory limitation on non-pecuniary recovery by bringing a wrongful death claim under general maritime law. 498 U.S. at 32. The Court explained that it would be inappropriate for the federal courts to judicially provide a greater scope of damages than what Congress had provided statutorily. <u>Id.</u> at 32-33. Thus, the elements of damages recoverable for the wrongful death of a seaman are the same whether the suit is brought under DOHSA, the Jones Act, or general maritime law. <u>Id.</u> at 33.

In <u>Guevara v. Maritime Overseas Corp.</u>, 59 F.3d 1496, 1506 (5th Cir. 1995), the Fifth Circuit specifically recognized that punitive damages are correctly classified as non-pecuniary in nature. While <u>Guevara</u> dealt specifically with punitive damages sought in conjunction with the failure to pay maintenance and cure, the Fifth Circuit explained that the analytical framework developed in <u>Miles</u> governs the approach to deciding damages issues in maritime actions. <u>Id.</u> The Supreme Court explained that the first step is to evaluate the factual setting of the case to determine if any statutory remedies apply. If the situation is governed by a statue like the Jones Act or DOHSA, and if the statute limits the available damages, then the statute also governs the damages available under general maritime law. The general maritime law will not expand the available damages when Congress has spoken to the relief it deems appropriate or inappropriate. <u>Id.</u> (citing <u>Anderson v. Texaco, Inc.</u>, 797 F. Supp. 531, 536 (E.D. La. 1992)).

4

Moreover, in <u>Scarborough v. Clemco Industries</u>, the Fifth Circuit recently held that the Miles uniformity principle applies to non-employer third parties. 391 F.3d 660, 668 (5th Cir. 2004). Thus, neither a Jones Act seaman nor his survivors may recover non-pecuniary damages from non-employer third parties. <u>Id.</u> <u>Scarborough</u> explicitly criticized <u>Stogner v. Boat Rentals, Inc.</u>, 326 F.Supp.2d 754 (E.D.La 2004), precedent the Respondent urges this Court to adopt. (Rec. Doc. No. 22 at 3).

The foregoing case law precludes Plaintiff herein from recovering non-pecuniary damages from Defendant, Crown Pump. Jones Act seaman status is among the undisputed facts. Thus, the Jones Act applies, and non-pecuniary damages are not allowed regardless of the legal theory the Petitioner puts forth. If Petitioner's husband was not a seaman, the result would be the same because it is undisputed that his accident occurred on the high seas. In this situation, DOHSA applies. Again, non-pecuniary damages are not recoverable under DOHSA.

<u>**CONCLUSION**</u>

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion to for Partial Summary Judgement is hereby **GRANTED.**

New Orleans, Louisiana, this <u>30th</u> day of <u>January</u>, 2006.

IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE